UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JAMAR MOSSON,

       Petitioner,                             Case No.: 2:13-14779
                                               Paul D. Borman
v.                                    United States District Judge

SHERIFF BENNY NAPOLEON,

       Respondent.

_____/

### OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Keith Jamar Mosson, ("Petitioner"), confined at the Wayne County Jail in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* application, petitioner challenges his pending prosecution in the Wayne County Circuit Court for one count of armed robbery, Mich. Comp. Laws § 750.529, one count of unlawful imprisonment, Mich. Comp. Laws § 750.349b, one count of extortion, Mich. Comp. Laws § 750.213, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.  For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITHOUT PREJUDICE.**

---

[1]  Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of any crimes, this Court should construe the petition as being brought under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6ᵗʰ Cir. 2008).

## I.  Background

Petitioner was arrested on the above charges on April 10, 2013.  Petitioner was arraigned on the warrant on April 12, 2013.  Bail was set in the amount of $ 100,00.00.

On May 2, 2013, a preliminary examination was conducted, after which petitioner was bound over to the Wayne County Circuit Court for trial.  Petitioner claims that the prosecutor permitted witnesses to commit perjury at the preliminary examination.

Petitioner claims that his first attorney, Ronald McDuffie, filed a meritless motion to quash the information, which was denied.  Petitioner asked Mr. McDuffie about the existence of a surveillance videotape and was informed by McDuffie that such a tape did not exist.

Mr. McDuffie was subsequently replaced by another unnamed attorney who has also since been removed or withdrawn from petitioner's case.  Petitioner claims that he has been filing his own motions since July, 2013, including motions for the arrest warrant and/or felony information, for discovery, to compel disclosure of a surveillance videotape, and to dismiss or quash the charges.  Judge Dana M. Hathaway has written petitioner and informed him that she will only accept legal filings through counsel.  Petitioner claims that he has not had an attorney to assist him with his motions for over four months.  Petitioner has filed a complaint against Judge Hathaway with the Michigan Judicial Tenure Commission.  In spite of this complaint, Judge Hathaway has not recused herself from petitioner's case.

On October 29, 2013, petitioner claims that his attorney requested the 911 recordings and was informed that they had been destroyed. [2]  Petitioner alleges that the 911 calls would have been exculpatory.

---

[2]  This allegation contradicts petitioner's claim that he has not had an attorney for the last four months.

Petitioner has been in custody for over seven months.  Petitioner claims that his speedy trial rights have been violated.  Petitioner also claims that his bond is excessive.

Petitioner alleges that the living conditions at the Wayne County Jail are "inhumane." Petitioner specifically claims that there is no ventilation system at the jail, thus exposing him and the other inmates to toxic mold and asbestos.  Petitioner also claims that the jail commissary is rarely stocked with postage nor allows inmates to purchase phone credits.

Petitioner claims that he has made attempts to obtain state pre-trial habeas forms from the Wayne County Jail, but claims that the library lacks such forms.  Petitioner further claims that the state courts will not release such forms to his family.

Petitioner seeks to have his case removed from the state court to the federal court and also seeks immediate release. [3]

## II.  Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of any criminal charges in this case.  In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1ˢᵗ Cir. 1996); *See also Hoard v. State of Michigan*, No. 05-CV-73136-DT; 2005 WL 2291000, p. 1

---

[3]  Petitioner has a pending civil rights complaint before another judge in this district in which he seeks injunctive relief against his pending criminal case. *See Mosson v. Wayne County Prosecutors Office, et. al.,* U.S.D.C. No. 2:13-13771 (E.D. Mich.)(Tarnow, J.).

2:13-cv-14779-PDB-PJK   Doc # 4   Filed 12/23/13   Pg 4 of 10   Pg ID 83

(E.D. Mich. September 19, 2005).  Although federal courts have jurisdiction to hear pre-trial

habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction

to consider a pre-trial habeas petition if the issues raised in the petition may be resolved either by

trial in the state courts or by other state procedures available to the petitioner. *See Atkins v.*

*People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).  Where a habeas

petitioner's claims, if successful, would be dispositive of pending state criminal charges, the

claims may be exhausted only by presenting the issues at the trial in state court, including claims

that provide an affirmative defense to the criminal charges and claims that would "abort a state

criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*,

875 F. Supp. 620, 622 (D. Neb. 1994).  The practical effect of this exhaustion requirement is that

review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a

state prisoner.  One exception to this general rule is a claim that an impending state trial would

violate the Double Jeopardy Clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425,

430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2.  Petitioner does not allege that the

pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state

prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas

corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v.*

*People of the State of Michigan*, 644 F. 2d at 547.  Although an attempt to dismiss an indictment

or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus,

an attempt to force the state to go to trial may be made prior to trial, although state court

4

remedies would still have to be exhausted. *Id.*

Petitioner contends that the State of Michigan has violated his Sixth Amendment right to a speedy trial by failing to bring him to trial in a timely manner. This Court is unable to provide petitioner with the relief he seeks for two reasons.

First, petitioner seeks dismissal of his pending criminal charges, thus, he would not be entitled to habeas relief. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999). To the extent that petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief because this is something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

Secondly, to the extent that petitioner is seeking to compel the state court to bring him to trial, his habeas petition is premature because petitioner has yet to exhaust his state court remedies. The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson,* 82 F. App'x. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his interstate detainer act claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas

petitioner had not properly exhausted his state judicial remedies with respect to his motion to

dismiss state charges underlying a detainer against him, the district court would refrain from

considering the merits of petitioner's claims concerning those charges).

Petitioner would not be entitled to a writ of habeas corpus to compel the state trial court

to bring him to trial in a prompt manner, because he has not exhausted his state court remedies

with respect to any such claim. *Dickerson,* 816 F. 2d at 228.  Under Michigan law, if a criminal

defendant's pre-trial motion is improperly overruled, he may file an emergency interlocutory

appeal with the Michigan appellate courts. *See People v. Reid,* 113 Mich. App. 262, 268; 317

N.W. 2d 589 (1982).  In addition, to the extent that petitioner alleges that the trial court has

failed to adjudicate his pre-trial motion, petitioner could seek an order of superintending control

from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1)

to order the Wayne County Circuit Court to adjudicate his pre-trial motion.  If the Michigan

Court of Appeals failed to issue an order of superintending control, petitioner could seek an

order of superintending control from the Michigan Supreme Court pursuant to M.C.R.

7.301(A)(6).  Finally, to the extent that petitioner suggests that it would be futile to exhaust his

remedies in state court, petitioner's failure to pursue his claims in state court "disqualifies his

case from consideration under the narrow exception [to the exhaustion requirement]." *Dillon,* 82

F. App'x. at 462.  Because there is no indication that petitioner raised his speedy trial claims

with the Michigan appellate courts, his claims are unexhausted. *Compare Atkins v. People of the*

*State of Michigan*, 644 F. 2d at 548.

Accordingly, the Court will deny the habeas petition without requiring respondent to

answer, because it appears from the application that petitioner is not entitled to habeas relief. *See*

*Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

The Court also rejects petitioner's request to remove his pending state court criminal case to the federal court.  The federal removal statute does not apply to petitioner's pending criminal action.  Section 1441 allows for removal to federal court of civil actions, where those courts have original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  Likewise, 28 U.S.C. § 1441(d) allows for removal of civil actions against a foreign state.  Neither of these provisions apply to petitioner's state criminal case.

Although 28 U.S.C. § 1443 of the removal statute allows for removal of certain criminal actions, this section would be inapplicable to petitioner's case.  That section allows for removal of pending state criminal prosecutions:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

18 U.S.C. § 1443.

A petition for removal brought pursuant to 28 U.S.C. § 1443 must, however, allege the denial of a right under a federal law "'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  Petitioner does not claim that he seeks removal of his state court criminal action to the federal court in order to assert rights related to racial equality.  Accordingly, the Court denies petitioner's request for removal of his pending criminal case from the Wayne

County Circuit Court to this Court.

Lastly, to the extent that petitioner is challenging the inadequacies of the ventilation system, the commissary, or the library at the Wayne County Jail, the petition is subject to summary dismissal because such claims involve challenges to the conditions of petitioner's confinement.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Complaints which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).  Petitioner's claims involving the conditions at the Wayne County Jail are challenges to the conditions of confinement which cannot be maintained as a habeas action. *See In re Owens,* 525 F. App'x. 287, 290 (6th Cir. 2013).  Petitioner's challenges to the conditions of his confinement "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x. 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights

claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6ᵗʰ Cir. 2004). Accordingly, the Court will dismiss petitioner's challenge to the conditions of his confinement without prejudice.

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. 28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections,* 265 F. 3d 369, 372 (6ᵗʰ Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams,* 161 F. 3d 259, 262 (5ᵗʰ Cir. 1998)(pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.,* 105 F. 3d 1063, 1073 (6ᵗʰ 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny the petitioner a certificate of appealability, because reasonable jurists would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing any pre-trial habeas petition challenging any pending criminal charges. *See Fuller v. Kansas,* 324 F. App'x. 713, 717 (10ᵗʰ Cir. 2009). Moreover, petitioner is not entitled to a certificate of appealabilty, because jurists of reason would not find

debatable this Court's decision that petitioner's challenges to his conditions of confinement

should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a

habeas action. *See Rachal v. Quarterman,* 265 F. App'x. 371, 377 (5th Cir. 2008).

Accordingly, petitioner will be denied a certificate of appealability.  The Court will also

deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous.  *Myers*

*v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus

is **SUMMARILY DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on December 23, 2013.


s/Deborah Tofil
Case Manager